**NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff-Appellant, v. LINAMEN, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5986. Decided March 17, 1959.

Wilson & Rector, Richard T. Rector, Columbus, for plaintiff-appellant.
Lane, Huggard & Alton, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, Ohio. The action was one for damages suffered by plaintiff as a result of the tortious act of the defendant committed on plaintiff's railroad property in the south end of Columbus, Ohio. At the conclusion of the plaintiff's evidence, the trial court directed the jury to return its verdict in favor of the defendant, and said jury returned such verdict. The court overruled plaintiff's motion for a new trial and entered judgment on the verdict, from which judgment plaintiff prosecutes this appeal.

An examination of the petition alleges that prior to March 26, 1952, the defendant, John M. Linamen, was a contractor engaged in certain construction on the property of S. L. Grundstein & Sons, which property lies adjacent to yard track No. 3 in plaintiff's railroad yard in South Columbus, Ohio. It further alleged that while so engaged, defendant constructed a certain batter board, one end of which trespassed on plaintiff's property, and that defendant had no permission from plaintiff to erect such batter board.

The petition further alleged that on said date, one Ralph M. Balo was employed by plaintiff, The New York Central Railroad Company, as a yard conductor in its South Columbus yard; that at approximately 2:30 a. m., on said date, said Balo was standing on the side stirrup of the leading end of a car that was being shoved into track No. 3; that said car arrived in proximity to said batter board; said Balo suddenly realized the car would not clear the board and, in order to protect himself from being knocked off the car, jumped and fell on the batter board, as a result of which he was injured; that a suit was filed against the plaintiff for said injuries which resulted in a settlement of the claim and, as a result, the plaintiff was required to expend the sum of $17,219.60. The plaintiff in this action is seeking to recover the amount it was required to expend for these injuries to Balo.

The record reveals that the plaintiff offered evidence tending to support all of the material allegations of the petition and then rested its case. Thereupon, counsel for the defendant moved for a directed verdict, and the same was sustained for the reason that the injuries complained of were consequential and did not result immediately from the alleged trespass.

The court cited 63 Corpus Juris 889, and Mawson v. Vess Beverage Company, 173 S. W. (2d), 607, wherein it was held that where the act complained of was consequential, it could not amount to a trespass. It is apparent that the court construed the action as being one for

technical trespass to real estate, known in the common law as an action for trespass "quare clausem fregit." It is true the plaintiff used the term "trespass" in the petition, but that term alone may not control the type of the action. The petition must be construed as a whole and not by mere extracts taken from parts thereof. It will be noted that the petition alleges facts which constitute a tortious act committed by the defendant on property in the possession of the plaintiff. It alleges that, without right or authority, defendant entered upon plaintiff's said property and erected a structure, which structure resulted in injuries to one of plaintiff's employees, and for which the plaintiff was required to pay a large sum of money in settlement.

The term "trepass" used in the petition may just as well have been "encroached," and have described defendant's tortious acts as an "encroachment" on plaintiff's property. In such a case, the meaning conveyed would have been the same. In Ohio there is but a single form of action, the "civil action," which is substituted for the old technical forms.

In **31 O. Jur., 591,** it is said:

"Under the Code, therefore, it is immaterial what the form of action would have been at common law. There is but one general form of petition applicable alike to all causes of complaint, whether legal or equitable, or ex delicto or ex contractu, and without regard to the technical common-law forms of pleading."

And, at page 583, supra, we find the following:

"The maxim of the common law that pleadings were to be taken fortius contra proferentem—construed most strongly against the pleader —is completely abrogated in Ohio, by the Code provision 'that the allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties'; in accordance with which the courts in many cases have repeatedly declared that they must construe pleadings liberally in favor of the pleader with a view to accomplish substantial justice, in order to promote and facilitate the statement of a cause of action or defense."

Now, if the plaintiff sets forth the facts of his case and upon those facts is entitled to a recovery, it matters not whether the wrong be considered a trespass or an act of negligence. Under the old common law, there were certain hidebounds and circumscribed forms of action. If the pleader did not bring himself squarely within one of those forms, he had no cause of action. But the Ohio Code of 1853 abolished the necessity of fitting a case into a tailor-made groove and broadened the rules of pleading.

It is our conclusion that the petition stated sufficient facts which were supported by the evidence to establish a prima facie case. It alleged and offered proof that the defendant contractor got over the plaintiff's property line and erected a batter board: that he had no right to do so, and that the batter board caused the plaintiff the consequential damages, which are the subject of this action.

In the case of **Keesecker v. McKelvey, 141 Oh St 162,** a delivery man for a department store entered an enclosed porch to deliver a package when he actually had the wrong address. He left the door open, allow-

ing a child to fall down the steps and injure herself. The accident was grounded on trespass to recover damages for the injuries to the child. The court found that a jury question was presented and, at page 168, we find the following statement:

"If a jury should find the defendant's employee was a licensee, its verdict would be for the defendant under the pleadings; if it should find him a trespasser and that his trespass was a proximate cause of the plaintiff's injuries, **then the plaintiff should prevail and would be entitled to recover such damages as were suffered as a direct result of the fall.**" (Emphasis ours.)

The statement here made seems to cover the question we have for consideration, leaving to the jury for its determination the question of proximate cause.

We also note that the court stated, in sustaining the motion, that the plaintiff failed in its proof that it was the owner of the premises on which the injury occurred. We concur in the conclusion that ownership was not established by the proper degree of proof, but it was not incumbent upon the plaintiff to prove ownership. Even under the common law, ownership of the premises was not a requisite in order to maintain an accident in trespass, but mere possession was sufficient.

We think the law is well stated in **39 O. Jur. 498, Section 51,** where it is said:

"The plaintiff must have possession at the time of the trespass. It is not necessary, however, in all cases, that he should be in possession at the time of the commencement of the action. If the trespass in question is the one by which he was disseised, he may bring his action without waiting to regain possession, but he cannot sue for any act done afterward until he regains possession. Therefore, it is a prerequisite to the maintenance of an action in trespass for mesne profits while the plaintiff was wrongfully kept out of possession that he regain possession by an action of ejectment or otherwise."

And, in Section 62, supra, it is said:

"One in possession of premises as a tenant may maintain suit for a trespass thereon. He may maintain such an action against a third person whose cattle break in and injure growing crops, or even, in a proper case, against his own landlord. Thus, a person entitled to the exclusive enjoyment of a crop growing on land may maintain trespass against the owner of the land, though the agreement only authorizes the cutting and carrying of it away."

Our examination of the record reveals that sufficient proof of possession was established by the plaintiff in order to make a prima facie case, and possession, therefore, became a question for the determination of the jury.

For the foregoing reasons, we are of the opinion that the trial court committed prejudicial error when it sustained the defendant's motion for an instructed verdict.

The judgment will be reversed and cause remanded for further proceedings according to law.

BRYANT, PJ, DUFFY, J, concur.